IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK DAVIS, <br><br>Plaintiff, <br><br>v. <br><br>FROESEL OIL COMPANY, INC., and <br>GARY L. HOWARD, <br><br>Defendants. | Case No. 3:19-CV-701-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss for Lack of Prosecution filed by Defendants Froesel Oil Company, Inc., and Gary L. Howard (Doc. 29). Defendants ask the Court to dismiss the case because Plaintiff Frederick Davis has failed to answer discovery or to sit for a deposition despite extensions of time to do so. In sum, they argue, Davis has failed to advance the case at all since it was filed. They also ask the Court to tax costs against Davis.

Also pending is a Motion to Withdraw as Attorney filed by counsel for Davis (Doc. 33). Counsel states that he has been unable to discharge his duties as an officer of the Court because Davis has been jailed in Tampa, Florida. While counsel expected Plaintiff to assist in the prosecution of this matter upon his release from jail, counsel has been unable to make any contact with Davis despite numerous attempts to do so. Counsel further states that he has litigated this case to the best of his ability, working with defense counsel to extend discovery deadlines and attempting to informally resolve the matter.

At this point, however, he has lost all contact with Davis. Counsel asks that he be allowed to withdraw and the matter be continued per Local Rule 83.1(g)(2). Alternatively, he asks that the matter be dismissed without prejudice.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss an action for failure of the plaintiff to prosecute. FED. R. CIV. P. 41(b). There are a number of factors a district court should consider in dismissing a case for failure to prosecute, including the frequency and magnitude of the plaintiff's failure to comply with deadlines, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice, if any, to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Here, Davis has failed to meet all discovery deadlines despite counsel's efforts to work with Defendants to extend those deadlines. That failure lies solely with Davis, who has not communicated with his attorney despite counsel's numerous efforts to maintain contact. While the effect of Davis's failure to prosecute his case has not yet affected the undersigned's calendar or time—not including the time spent on these motions—his lack of interest in prosecuting this case will only require further Court involvement in the future. It is also unfair to Defendants who have made efforts to engage in the discovery process and move this litigation, involving a motor vehicle accident, forward. Based on these factors, the Court finds that dismissal for failure to prosecute is appropriate.

The Court further finds that Davis's attorney has stated good cause for withdrawing as counsel in this matter and that giving Davis time to hire a new attorney would only prove to be pointless. For these reasons, the Court **GRANTS** the Motion to Withdraw as Attorney (Doc. 33). Attorney Craig J. Concannon is hereby **TERMINATED** as counsel of record for Plaintiff Frederick Davis.

The Court also **GRANTS** the Motion to Dismiss for Lack of Prosecution filed by Defendants Froesel Oil Company, Inc., and Gary L. Howard (Doc. 29). This action is **DISMISSED without prejudice** pursuant to Rule 41(b). FED. R. CIV. P. 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: January 29, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**